IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JOHN A. CROSBY,<br><br>        Defendant and Judgment Debtor.<br><br>DISCOVER BANK,<br>(and its Successors and Assignees)<br><br>        Garnishee. | No. 2:22-mc-00178-JAM-KJN<br><br>FINDINGS AND RECOMMENDATIONS FOR FINAL ORDER OF GARNISHMENT<br><br>(ECF No. 12) |

    Before the court is the United States' request for issuance of a final order of garnishment against certain property of defendant John A. Crosby, under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205(c)(7).[1] (ECF No. 12.) The government seeks to garnish defendant's non-exempt property and accounts maintained by Discover Bank ("Garnishee") in an effort to collect on the approximately $3.6 million defendant owes under his 2022 federal criminal judgment in this court. As explained below, the undersigned recommends granting the request.

---

[1] This matter is before the undersigned for findings and recommendations pursuant to Local Rule 302(c)(7) and 28 U.S.C. § 636(b)(1)(A).

**Background**

On February 25, 2022, defendant was sentenced in criminal case number 2:17-CR-00006-JAM and ordered to pay a statutory assessment of $200.00, a fine of $10,000, and restitution of $3,600,294.08.  (Crim. ECF No. 179 at 6, Second Amended Judgment & Commitment.)  These criminal monetary penalties were made due immediately.[2]  (Id. at 8.)  As of July 21, 2022, defendant still owes $3,610,294.08.  (ECF No. 12 at 1.)

In an attempt to collect the balance of these criminal monetary penalties, the government filed an application for a writ of garnishment against any property in the Garnishee's possession in which defendant has an interest, including property held in his spouse's name in which he has an interest.[3]  (ECF No. 1.)  The Clerk of Court issued the writ of garnishment on June 6, 2022.  (ECF No. 4.)  The government served the writ and its attachments on Garnishee (ECF No. 2) and also served defendant and his spouse with copies (ECF Nos. 5, 6).  The documents served on defendant and his spouse advised them, among other things, of their rights to claim exemptions to garnishment and request a hearing on such claims, request a hearing to quash the writ, and/or object to the Garnishee's answer and request a hearing thereon.  (Id.)

On July 1, 2022, Garnishee filed an Acknowledgement of Service and Answer stating that it possesses one online savings account in which defendant maintains an interest—with an approximate value of $483.07.  (ECF No. 11.)  Garnishee served its answer on defense counsel, defendant's spouse, and the government.  (Id. at 3.)

Neither defendant nor his spouse filed any objections, nor did either of them file a claim of exemption or request for hearing.  The government now seeks a final order of garnishment directing the

---

[2] Although the criminal judgment sets a payment schedule to apply while defendant is incarcerated (as he is, at present), the District Judge specifically ordered that "all criminal monetary penalties imposed by the Court, including restitution, will be due in full immediately at time of sentencing and subject to immediate enforcement by the government. Any payment schedule or plan set by the Court is merely a minimum and does not foreclose the government from collecting all criminal monetary penalties at any time through all available means."  (Crim. ECF No. 174 (Order Re Restitution) at 2.)

[3] Several other related garnishment actions against John A. Crosby are also pending in this court.  Case Nos. 2:22-mc-00179-JAM-KJN, 2:22-mc-00180-JAM-KJN, 2:22-mc-00181-JAM-KJN.

Garnishee to liquidate and pay to the Clerk of Court all funds held by Garnishee in which defendant has an interest.[4]  (ECF No. 12 at 2.)

**Discussion**

Pursuant to the Mandatory Victims Restitution Act, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA.  United States v. Mays, 430 F.3d 963, 965 n.2 (9th Cir. 2005).  The FDCPA establishes the "exclusive civil procedures for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution." Id. at 965; see 28 U.S.C. §§ 3001(a)(1), 3002(3)(B).

The FDCPA permits the Court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).  "Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located." Id.  Property is defined under the FDCPA to include, as relevant, "any present or future interest, whether legal or equitable, in real, personal . . . , or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust . . .)[.]"  28 U.S.C. § 3002(12).

The FDCPA requires the government to provide the judgment debtor with notice of the commencement of garnishment proceedings.  28 U.S.C. § 3202(b).  The judgment debtor then has twenty days after receipt of the notice to request a hearing.  28 U.S.C. § 3202(d).  After the garnishee files an answer, and if no hearing is requested within the required time period, the court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property.  28 U.S.C. § 3205(c)(7).

---

[4] The undersigned recommended approving the government's request for authorization to recover a litigation surcharge pursuant to 28 U.S.C. § 3011(a) in the related garnishment action against Mr. Crosby, Case No. 2:22-mc-00180-JAM-KJN.  Accordingly, the court does not address the duplicative request for such authorization in this action.

Here, defendant's interest in the savings account in Garnishee's possession is property as defined under the FDCPA and is therefore subject to garnishment.  Further, the United States complied with the FDCPA's requirements regarding an application for writ of garnishment.  Neither defendant nor his spouse timely filed a request for a hearing under 28 U.S.C. § 3202(d), objections to Garnishee's answer, or otherwise responded to the government's application with respect to these two accounts.  Therfore, a garnishment order must issue.

**Conclusion**

Accordingly, IT IS RECOMMENDED that:

1. The United States' Request for Findings and Recommendations for Final Order of Garnishment (ECF No. 12) be GRANTED;

2. Garnishee Discover Bank be directed to pay the Clerk of the United States District Court all of the funds held by Garnishee in which defendant John A. Crosby has an interest within fifteen (15) days of the filing of the Final Order.  Payment shall be made in the form of a cashier's check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

> United States District Court, Eastern District of California
> Office of the Clerk
> 501 I St., Rm. 4-200
> Sacramento, CA 95814

The criminal docket number (2:17-CR-00006-JAM) shall be stated on the payment instrument;

3. The court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

4. The garnishment shall terminate when the payment is deposited with the Clerk of the Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 9, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

.cros.0178